J-S48005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY ROUSE | |
| Appellant | No. 682 WDA 2015 |

Appeal from the PCRA Order April 8, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004190-2009

BEFORE: BOWES, DUBOW AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J: **FILED SEPTEMBER 19, 2016**

Ricky Rouse appeals *pro se* from the April 8, 2015 order denying his PCRA petition. We affirm.

We previously set forth the relevant facts:

On February 24, 2009, Antoine Cooper ("the victim") was shot at approximately 4:30 in the afternoon in Northview Heights, a neighborhood in the North Side of the city of Pittsburgh. The victim suffered multiple gunshot wounds with the fatal wound being a single shot to the head. The Commonwealth's theory of the case was that [A]ppellant fired the fatal bullet in retaliation for an earlier shooting and that [A]ppellant was seen leaving the crime scene in a vehicle rented by [Appellant's] co-defendant, Damone Porter.

At the conclusion of trial, [A]ppellant was found guilty of first degree murder, carrying a firearm without a license, and conspiracy. On December 21, 2010, [A]ppellant was sentenced to life in prison.

*Commonwealth v. Rouse*, 60 A.3d 559 (Pa.Super. 2012) at 1-2 (unpublished memorandum, citations and footnotes omitted), *appeal denied*, 63 A.3d 776 (Pa. 2013). Appellant was identified by a UPS driver, who saw him fleeing the scene of the crime with a firearm. We affirmed Appellant's judgment of sentence and the Supreme Court denied further review. *Id*.

On January 28, 2014, Appellant filed a timely *pro se* PCRA petition raising five claims and requesting the appointment of counsel. The court appointed Ryan H. James, Esquire. Mr. James subsequently filed a motion to withdraw and authored a *Turner*/*Finley*[1] no-merit letter. Before the court resolved counsel's motion to withdraw, the court granted co-defendant Porter a hearing pursuant to his own PCRA petition. The court ordered Appellant's PCRA counsel to review Porter's petition to determine whether any issues raised by Porter were applicable in Appellant's matter. In a second letter, counsel determined those issues did not implicate Appellant's case, and the court agreed.

In the meantime, Appellant filed a letter outlining his response to counsel's no-merit letter, and raised additional claims. The court issued an order on March 11, 2015, disposing of some of Appellant's claims and directing counsel to evaluate three additional issues contained in the

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

response. Counsel addressed those issues, and on April 8, 2015, the court issued an order adopting counsel's analysis, dismissing Appellant's PCRA petition without a hearing, and granting counsel's motion to withdraw.

Appellant filed a timely *pro se* notice of appeal and complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion, and this matter is now ready for our consideration.

Appellant raised five issues for our review:

1. Did the trial court erred [sic] when it denied Appellant's PCRA petition where it was clear that trial counsel was ineffective for failing to investigate the crime scene to properly determine whether the Commonwealth's key witness could have testified truthfully that he saw Appellant on an angle at a considerable distance away, thus, violating his Sixth Amendment Right to effective assistance pursuant to **Wiggins v. Smith**, 539 U.S. 510 (2003)?

2. Did the prosecutor abuse its authority, thus committing a miscarriage of justice, when it allowed testimony from the Commonwealth witness (Barbara Geraci) to testify falsely to a fact that the name of the hotel room (room in which alleged getaway vehicle keys were recovered) was in Appellant's name. Where evidence to the contrary was instituted, thus violating Appellant's Sixth and Fourteenth Amendment right under the [guise] of prosecutor misconduct?

3. Was counsel (direct appeal) ineffective for failing to raise a proper "weight of the evidence" thus, causing this claim to be waived at the stage guaranteed pursuant to Pa.Const.Article I, Section 9?

4. Pursuant to **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014) does Appellant have a guaranteed right to present evidence of an expert witness by compulsory process of the Sixth Amendment and Pa.Const.Article I, Section 9 to the

issue whether there was an misidentification of Appellant via cross-racial and lapse in time between the crime and the trial, thus, violating Appellant's right to due process and equal protection of the Fourteenth Amendment?

5. Pursuant to **Martinez v. Ryan**, 132 S.Ct. 1309 (2012) was PCRA counsel ineffective for failing to raise properly preserved claim of "newly discovered evidence" of an affidavit of Eugene Mackey pursuant to **Commonwealth v. Abu-Jamal**, 833 A.2d 719 (Pa. 2003)?

Appellant's brief at 4 (unnecessary capitalization omitted).

We review PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Steckley**, 128 A.3d 826, 831 (Pa.Super. 2015) (citation omitted). Our "review is limited to the finding of the PCRA court and the evidence of record [and] we do not disturb a PCRA court's ruling if it is supported by the evidence of record and is free of legal error." **Id**. As such, "we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id**. Nevertheless, "we afford no such deference to its legal conclusions." **Id**. Where the petitioner raises questions of law "our standard of review is *de novo* and our scope of review is plenary." **Id**.

Appellant first contends that the trial court erred in denying his PCRA petition since the evidence of record supports a finding that trial counsel was ineffective for failing to investigate the crime scene in preparation for trial. Appellant has raised this issue for the first time on appeal. It is axiomatic that "issues not raised in the lower court are waived and cannot be raised for

the first time on appeal." Pa.R.A.P. 302(a); *Commonwealth v. Fletcher*, 986 A.2d 759, 778 (Pa. 2009) (finding waiver where appellant did not present claim in a PCRA petition). Therefore, this claim is waived.

We consider Appellant's second, third, and fifth claims together, as they all raise claims of counsel ineffectiveness. Pennsylvania courts utilize a three-factor test in reviewing the effectiveness of counsel. In order to obtain relief, the petitioner must prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa.Super. 2015) (citation omitted). Failure to satisfy any prong of this test requires rejection of the claim. *Id*. Furthermore, "counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." *Id*.

Appellant first argues that the Commonwealth committed prosecutorial misconduct by suborning perjury from its witness, Barbara Geraci. Claims of prosecutorial misconduct sound in ineffectiveness of counsel for purposes of the PCRA. *Commonwealth v. Tedford*, 960 A.2d 1 (Pa. 2008) (holding where counsel fails to object to prosecutor misconduct at trial, claim must be argued as ineffective assistance of counsel). Appellant asserts that evidence adduced at trial proved that the prosecutor knew Appellant was not

associated with a hotel room where Ms. Geraci found incriminating evidence, and yet permitted her to testify that Appellant was connected to it. Thus, Appellant's claim assails trial counsel's failure to object to this alleged misconduct.

At trial, the Commonwealth offered the testimony of Ms. Geraci, a hotel housekeeper, who recovered keys to the getaway vehicle in a room rented by Porter. When Ms. Geraci was first questioned regarding the renter of the room, she replied "I believe it was rented to Damone Porter and [Appellant]." N.T. Trial, 10/1/10, at 313. Trial counsel did not object to Ms. Geraci's statement. The Commonwealth immediately thereafter offered into evidence, without objection, a receipt for that room indicating that Appellant's co-defendant, and not Appellant, had rented the room. *Id*. at 314. Appellant maintains the prosecutor elicited Ms. Geraci's initial response to associate him with incriminating evidence, despite possessing the receipt, which clearly indicated only Porter rented the room. The PCRA court determined this issue lacked merit. We agree.

The PCRA court found the testimony of the housekeeper was "real and genuine." Order, 3/11/15, at unnumbered 2. It notes that Appellant offered no proof that the housekeeper, a neutral witness, fabricated her testimony. *Id*. She merely stated that it was her subjective belief that Appellant and Porter both rented the room. That the Commonwealth immediately offered a receipt implicating Porter as the renter of the room demonstrated that it

- 6 -

quickly dispelled any falsity associated with Ms. Geraci's statement that she thought Appellant was one of the renters. Without proof to establish the Commonwealth engaged in misconduct, trial counsel cannot be found ineffective for failing to object. Therefore, we find this claim is devoid of merit, and hence, it fails.

Appellant next challenges direct appeal counsel's failure to properly preserve a weight-of-the-evidence claim. On appeal, this Court found counsel had conflated a weight claim with a sufficiency claim, and had thereby waived the issue. *Rouse*, *supra*, at 15. Appellant maintains that the verdict was against the weight of the evidence, and thus, counsel was ineffective for failing to preserve his claim. Since we find Appellant's underlying challenge to the weight of the evidence to be without arguable merit, direct appeal counsel was not ineffective for failing to preserve the issue. *See Perry*, *supra*.

When we review a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the trial court's exercise of discretion in resolving the challenge. *Commonwealth v. Leatherby*, 116 A.3d 73, 82 (Pa.Super. 2015). This type of review is necessitated by the fact that the trial judge heard and saw the evidence presented. *Id*. Moreover, "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or

was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*.

A new trial is warranted in this context only when the verdict is "so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014). It is essential to note, "The finder of fact . . . exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." *Commonwealth v. Konias*, 136 A.3d 1014, 1023 (Pa.Super. 2016) (citation omitted).

The trial court denied Appellant's post-sentence motion challenging the weight of the evidence. The PCRA court, who also presided at trial, reviewed Appellant's weight-of-the-evidence claim and determined the argument was without merit. The PCRA court noted that this Court found sufficient evidence to convict Appellant and that the testimony identifying Appellant near the crime scene, and in possession of a firearm, immediately after shots were fired would not suggest the verdict should be overturned. Upon review of the record, we discern no abuse of discretion in the denial of Appellant's weight claim. We concur with the PCRA court that the issue is meritless. Ample circumstantial evidence supported Appellant's conviction, and he does not otherwise highlight evidence that was purportedly weighed improperly. Thus, no relief is due.

Appellant next argues that PCRA counsel was ineffective for failing to assert a claim arising from "newly discovered evidence." Appellant's brief at 23. As this issue was raised in Appellant's Pa.R.Crim.P. 907 response, and included in his Pa.R.A.P. 1925(b) statement, it is properly before us.[2] **Cf. Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009) (challenge to PCRA counsel's ineffectiveness was not preserved on appeal since it was not raised during trial court proceedings in response to Pa.R.C.P. 907 notice or no merit letter).

We note, however, although Appellant characterized this claim as "newly discovered evidence," he concedes he was aware of the evidence at trial. Appellant's brief at 24. Appellant claims PCRA counsel was ineffective for failing to contact Eugene Mackey to persuade him to testify, and to confirm that he was willing and able to provide an alibi defense. Specifically, Appellant contends that he asked PCRA counsel to use a purported affidavit created by Eugene Caldwell to convince Mackey to offer alibi testimony on Appellant's behalf. According to Appellant, Mackey was unwilling to testify

---

[2] Appellant relies on **Martinez v. Ryan**, 132 S.Ct. 1309 (2012), for the proposition that ineffective assistance of counsel during collateral review may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. However, as **Martinez** relates to jurisdictional prerequisites for ineffectiveness claims before a federal *habeas* proceeding, it is inapplicable here.

without assurance that Caldwell would corroborate his account of Appellant's whereabouts on the day in question.

Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1276 (Pa. 2014) (citation omitted). "The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance." *Id*. However, counsel's "failure to interview a particular witness prior to trial does not constitute ineffective assistance of counsel unless there is some showing that such an interview would have been beneficial to the defense under the facts and circumstances of the case." *Id*.

The PCRA court adopted PCRA counsel's *Turner*/*Finley* analysis in rejecting this claim. Counsel represented that, during a series of communications with Appellant regarding Mackey, Appellant acknowledged Mackey's reluctance to provide alibi testimony without Caldwell's corroboration. However, Appellant failed to produce Caldwell's affidavit, and PCRA counsel attested that the affidavit did not emerge in discovery. Consequently, PCRA counsel did not contact Mackey since "he appears to be an alibi witness who does not want to provide an alibi," confirming Appellant's assessment in a prior communiqué, that "[Mackey] just doesn't

want to get involved with this situation." Letter from PCRA Counsel to Appellant, 5/12/14, at 2. PCRA counsel concluded, and the PCRA court agreed, that Mackey's participation would not benefit Appellant's defense, and thus, the issue lacked merit. We agree.

Although Appellant continues to maintain that Caldwell generated an affidavit attesting to Appellant's whereabouts during the commission of the crime, the record contains no such affidavit. Furthermore, Appellant informed PCRA counsel of Mackey's unwillingness to testify, and has offered no argument that Mackey would be willing to testify even if an affidavit, or other statement from Caldwell, was produced. **Commonwealth v. Pander**, 100 A.3d 626, 639 (Pa.Super. 2014) (*en banc*) (citation omitted) (finding counsel will not be deemed ineffective for failing to investigate a witness or call a witness to testify unless the PCRA petitioner demonstrates, *inter alia*, that the witness was willing to testify for the defense). Appellant simply has made no showing that contacting Mackey would have been beneficial to the defense. **Mitchell**, **supra**. Thus, this claim also fails.

As a corollary matter, Appellant appended an "unsworn declaration," which we will treat as a witness certification, to his PCRA petition regarding Mackey's supposed testimony at the PCRA hearing. Pursuant to Pa.R.Crim.P. 902(A)(15), Appellant is required to attach a signed certification as to each witness he intends to offer when requesting an evidentiary hearing. That rule reads, in pertinent part:

- 11 -

A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested and shall contain substantially the following information . . . (15) if applicable, any request for an evidentiary hearing. The request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition[.]

Pa.R.Crim.P. 902(A)(15). Appellant's attached certification reads:

Feb. 2009 (I don't remember the exact date, but I only fixed a flat for "Uey" once). Eugene "Uey" [Caldwell] called me (Eugene Mackey) and told me he was almost back on the Northside he was coming from getting a new tire. He said his car was parked on a side street behind Dave's Barbershop, an that I should meet him down there. I left Northview Heights at about 3:30 [p.m.] I remember [because] Northview Elementary kids were still walking home from school. Once I got to Uey's car, Uey, [Appellant] and a couple other young dudes were sitting on some steps smoking weed and busting jokes. I remember clearly for a fact [Appellant] was sitting there the whole time, from the time I got down there till the time I got finish an we all left. Once I got finish, we drove down Manchester to McDonald's (Me, [Appellant], Uey and another young dude). Right after that they took me up to Northview Heights. I'm not sure of the time but I do recall it was dark outside now

Appellant's witness certification is unsigned, and fails to include the witness's date of birth or address as required by Rule 902(A)(15). Although it purports to set forth alibi testimony by Mackey, it merely established Appellant's whereabouts on some day in in February 2009. Thus, Appellant has failed to demonstrate prejudice due to counsel's decision not to contact Mackey. "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been

different." **Pander**, **supra** at 631 (quoting **Commonwealth v. Stewart**, 84 A.3d 701, 706-07 (Pa.Super. 2013) (*en banc*). Therefore, PCRA counsel cannot be ineffective for failing to call Mackey as an alibi witness. **Perry**, **supra**.

We now turn to Appellant's fourth issue, wherein Appellant contends the PCRA court erred in not granting him a new trial to offer expert testimony regarding the unreliability of eyewitness identification pursuant to **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014). The PCRA court found this issue meritless since the **Walker** decision has not been held to apply retroactively.[3] We agree.

In **Walker**, our Supreme Court reviewed extensive scientific research and observed the trend among federal and state courts, to overturn the *per se* ban on expert testimony regarding eyewitness identification. Nonetheless, the Supreme Court concluded the admissibility of such testimony in criminal proceedings in Pennsylvania should be left to the discretion of the trial court. **Walker**, **supra**, at 792-793. The Court did not

---

[3] Appellant originally raised this issue as an ineffectiveness claim against direct appeal counsel in his response to PCRA counsel's motion to withdraw. Hence, the PCRA court analyzed this issue under that rubric. Appellant altered this claim to its present formulation for the purposes of his Rule 1925(b) statement and his brief. We refrain from finding waiver here as we can liberally construe Appellant's filed materials to encompass his current claim, and doing so does not otherwise affect our disposition. **See Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) ("courts may liberally construe materials filed by a *pro se* litigant[.]").

express whether **Walker** should apply retroactively. Rather, it indicated that "the admission of expert testimony regarding eyewitness identification is **no longer** *per se* impermissible[.]" **Id**. at 793 (emphasis added).

Neither the Supreme Court, nor any court of this Commonwealth, has found **Walker** to apply retroactively to cases on collateral review, and we decline to do so here. The **Walker** court did not base its decision on constitutional jurisprudence, and the rule does not implicate a right so fundamental to the fairness of the criminal proceeding as to warrant retroactive effect. **See Teague v. Lane**, 489 U.S. 288 (1989) (plurality); **Commonwealth v. Lesko**, 15 A.3d 345 (Pa. 2011); **Commonwealth v. Washington**, 2016 WL 3909088 (Pa. 2016).

Appellant's trial began in September 2010, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on February 13, 2013. Thus, Appellant's judgment of sentence became final on Tuesday, May 14, 2013, when the ninety-day period to seek *certiorari* with the United States Supreme Court expired. As **Walker** was decided May 28, 2014, it is not applicable to Appellant's criminal proceedings, and his position does not afford him relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/19/2016</u>